DECISION
Lisa L. Redman appeals her conviction for feloniously assaulting her sister, Helena Redman, in violation of R.C.2903.11. Redman asserts that the Franklin County Court of Common Pleas erred in permitting the state to impeach its own witness with a prior inconsistent statement. Because the state failed to demonstrate that it was affirmatively damaged by its witness' testimony, we agree. Additionally, the error was not harmless because there is a reasonable probability that the jury would not have convicted Redman if the trial court had not erred. Therefore, we sustain Redman's first assignment of error. Based upon our resolution of Redman's first assignment of error, her second assignment of error is moot. Accordingly, we reverse the judgment of the trial court.
On the night of her arrest, Redman entered the Bus Stop Café, a bar on Parson's Avenue, where her sister Helena was drinking and her half-sister Patty Lilley was tending bar. Redman and Helena argued, and a fight ensued. In the course of the fight, Helena lost a portion of one of her ears.
After Redman left, Helena and Lilley looked for Helena's ear but were unable to find it. Helena went to the hospital. She told police investigating the incident that Redman started the fight and that Redman bit her ear off and swallowed it. Lilley told police that Redman initiated the fight by attacking, punching, and dragging Helena.
The state charged Redman with felonious assault. At her trial, Helena testified that Redman attacked her and bit off her ear. The state's second and last witness, Lilley, testified that she could not remember who started the fight between Redman and Helena. Lilley claimed that she did not watch the fight. Over Redman's objection, the trial court granted the state permission to impeach Lilley with her prior statement to police. The state read Lilley's prior statement into the record, including her statement that Redman was the aggressor in the fight.
Redman testified on her own behalf. Redman also called another patron of the Bus Stop Café to testify. The patron testified that she observed the sisters fighting but did not pay attention to the fight. The patron did not identify an aggressor in the fight.
The jury found Redman guilty of felonious assault. Redman appeals, asserting the following two assignments of error:
 I. The trial court abused its discretion when it allowed the state to impeach its own witness by referring to a prior statement of said witness and the calling of a rebuttal witness contra Evid. Rules 607, 612, 613, 801(c) and 803(5). The witness's out of court statement was hearsay and the effect of the court's decision was prejudicial and denied the defendant her right to a fair trial.
 II. The trial court abused its discretion by denying defendant's counsel a reasonable continuance to procure the attendance at trial of a material witness.
In her first assignment of error, Redman asserts that the trial court abused its discretion when it permitted the state to impeach Lilley with the prior inconsistent statement she gave to police. The state contends that it suffered both surprise and affirmative damage from Lilley's testimony and, consequently, that the trial court did not abuse its discretion by permitting the state to impeach Lilley with her prior statement.
A trial court has broad discretion in the admission or exclusion of evidence, and so long as such discretion is exercised in line with the rules of procedure and evidence, its judgment will not be reversed absent a clear showing of an abuse of discretion with attendant material prejudice to defendant. Rigbyv. Lake Cty. (1991), 58 Ohio St.3d 269, 271; State v. Hymore
(1967), 9 Ohio St.2d 122, certiorari denied (1968), 390 U.S. 1024. A finding that a trial court abused its discretion implies that the court acted unreasonably, arbitrarily or unconscionably.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. Berk v.Matthews (1990), 53 Ohio St.3d 161, 169.
Even if the trial court does err in the admission or exclusion of evidence, the error is harmless and shall be disregarded as long as it does not affect the defendant's substantial rights. Crim.R. 52(A). An error does not affect the defendant's substantial rights if there is "no reasonable possibility" that exclusion of the evidence would have affected the result. State v. Brown (1992), 65 Ohio St.3d 483, 485; Statev. Sibert (1994), 98 Ohio App.3d 412, 429.
Evid.R. 607(A) provides that a party may impeach its own witness with a prior inconsistent statement "only upon a showing of surprise and affirmative damage." A party demonstrates affirmative damage "when a party's own witness testifies to facts that contradict, deny or harm that party's trial position." Statev. Asher (1996), 112 Ohio App.3d 646, 653. When a witness merely gives a neutral answer such as, "I don't remember" in response to the calling party's questions, the witness does not cause affirmative damage. Id. For example, a witness who denies observing an assault, though he previously told police that he saw the defendant strike and kick the victim, does not cause affirmative damage to the state's case. See State v. Lewis
(1991), 75 Ohio App.3d 689, 697. This remains true even if the state relied upon the witness and cannot prove its case beyond a reasonable doubt without the witness' consistent testimony. Seeid. at 697. In contrast, if the witness interjects facts during his testimony to indicate that the defendant accidentally struck the victim, that testimony contradicts the state's case and hence, causes affirmative damage. See State v. Moore (1991), 74 Ohio App.3d 334,343.
In this case, Lilley told police that she witnessed Redman initiate the fight with Helena and that she observed Redman punch and drag Helena. At trial, Lilley testified that she observed Redman and Helena argue but that she did not watch the ensuing fight. Lilley answered many questions by stating that she could not remember the incident or that she did not know the answer.
The state contends that Lilley's testimony damaged the state's case. However, Lilley did not testify to facts that contradicted, denied, or harmed the state's trial position. Rather, Lilley's noncommittal answers merely failed to help the state's case. Such neutral answers cannot form the basis for impeachment.
Because the state failed to establish affirmative damage, we need not address the question of whether the state established surprise. Permitting the state to impeach Lilley with her prior inconsistent statement is not consistent with Evid.R. 607 when Lilley's testimony did not affirmatively damage the state's case. Therefore, the trial court erred by permitting the state to impeach her with her prior statement.
We also find that the trial court's error was not harmless under Crim.R. 52(A). As the state points out in arguing that it suffered affirmative damage, without Lilley's testimony against Redman, the remaining evidence consists of Redman's word versus Helena's word. We cannot say that there is no reasonable probability that the jury would have acquitted Redman if the trial court had not permitted the state to impeach Lilley with the statement she gave to the police. See Brown, supra.
Accordingly, we sustain Redman's first assignment of error and reverse the judgment of the trial court.
In her second assignment of error, Redman asserts that the trial court abused its discretion by denying her motion for a continuance. Based upon our resolution of Redman's first assignment of error, her second assignment of error is moot and we decline to address it. See App.R. 12(A)(1)(c).
In sum, we find that the trial court erred in permitting the state to impeach its own witness with a prior inconsistent statement because the state did not demonstrate that the witness's testimony caused affirmative damage to the state's case. We further find that this error prejudiced Redman, as there is a reasonable probability that the jury would have acquitted Redman had the trial court properly barred the impeachment.
In conclusion, we sustain Redman's first assignment of error and render her second assignment of error moot. Accordingly, we reverse the judgment of the Franklin County Court of Common Pleas and remand this cause for a new trial.
Judgment reversed; cause remanded with instructions.
 ________________________________ KLINE, PRESIDING JUDGE
BOWMAN, P.J., and TYACK, J., concur.
KLINE, J., of the Fourth Appellate District, sitting by assignment under authority of Section 6(C), Article IV, Ohio Constitution.