Per Curiam.

Resolution of the instant appeal centers exclusively on the proper application of the harmless error doctrine. As stated by the United States Supreme Court in Chapman v. California (1967), 386 U.S. 18, 22, 87 S.Ct. 824, 827, 17 L.Ed.2d 705, 709: “[T]here may be some constitutional errors which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction.”
The court of appeals, in reversing appellee’s conviction, focused on the search of appellee’s van. Relying on the most recent pronouncement by the United States Supreme Court on inventory searches, Florida v. Wells (1990), *485 495 U.S. 1, 110 S.Ct. 1632, 109 L.Ed.2d 1, the court of appeals held that the police violated appellee’s Fourth Amendment rights by opening the black pouch during the course of the inventory of the van, because there was “no evidence of a specific Canton Police Department policy with respect to the opening of closed containers encountered during inventory searches.” Without clearly stating its reasons, the court of appeals concluded that the contents of the black pouch were so prejudicial that their introduction into evidence denied appellee a fair trial.
We cannot agree with the court of appeals. In making a Crim.R. 52(A) harmless error analysis, any error will be deemed harmless if it did not affect the accused’s “substantial rights.” Otherwise stated, the accused has a constitutional guarantee to a trial free from prejudicial error, not necessarily one free of all error. Before constitutional error can be considered harmless, we must be able to “declare a belief that it was harmless beyond a reasonable doubt.” Chapman, supra, 386 U.S. at 24, 87 S.Ct. at 828, 17 L.Ed.2d at 711. Where there is no reasonable possibility that unlawful testimony contributed to a conviction, the error is harmless and therefore will not be grounds for reversal. State v. Lytle (1976), 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623, paragraph three of the syllabus, vacated on other grounds in (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154.
In State v. Tabasko (1970), 22 Ohio St.2d 36, 51 O.O.2d 64, 257 N.E.2d 744, the Chapman rule was applied to affirm a conviction for knowingly permitting the use of a dwelling for the keeping, dispensing or administering of narcotics, a violation of former R.C. 3719.101. Appellant sought to overturn his conviction on the grounds that the police unlawfully seized drugs from his house. He maintained that the search warrant was invalid because it was based on an affidavit lacking facts which could establish probable cause. In considering the appeal, this court felt it unnecessary to independently review the affidavit to determine whether the resulting warrant was based upon probable cause. Instead, the court directed its attention to whether the admission into evidence of the items seized during the search operated to the defendant’s prejudice. Citing Chapman and Harrington v. California (1969), 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284, the court held:
“In a criminal prosecution, the allegedly erroneous admission in evidence of items unlawfully seized is harmless beyond a reasonable doubt and does not provide grounds for reversal of the conviction where the pertinent testimony of witnesses at the trial is not the product of such seizure and is overwhelmingly sufficient to independently establish the elements of the offense beyond a reasonable doubt.” Tabasko, supra, at syllabus.
*486 Since the state’s case consisted of testimony which alone overwhelmingly established beyond a reasonable doubt that Tabasko had committed the crime as charged, the court concluded that any alleged constitutional violation was harmless beyond a reasonable doubt and upheld the conviction.
Likewise, in the case sub judice, we hold that any alleged error by the trial court in failing to suppress the contents of the black pouch was harmless beyond a reasonable doubt. Accordingly, even if we were to find that the police conducted an unlawful inventory search of the vehicle, such constitutional violation would not be grounds for reversal of appellee’s conviction in light of the overwhelming evidence of his guilt. At trial, the prosecution presented the testimony of Officers Saler and Clary concerning the circumstances surrounding appellee’s arrest. As previously discussed, both officers witnessed appellee toss an item from his right hand to the ground. Officer Saler was additionally able to identify the item in the hand of appellee as a “clear baggie or plastic bag.” When he searched the area around which appellee had stood, Officer Clary discovered only a plastic bag containing the crack cocaine. The evidence presented at trial did not indicate that other plastic bags, or for that matter any other objects, were found in the immediate area where appellee was standing.
The jury, therefore, had evidence, solely by way of the eyewitness testimony of the officers, from which it could only have concluded that the prosecution had proven beyond a reasonable doubt that appellee had knowingly possessed cocaine. The contents of the black pouch could not reasonably have contributed to that conviction. Also, no additional unrelated charges were brought against the appellee as a result of their discovery by the police. The only relevance of the pouch and its contents came when the prosecution, in closing arguments, briefly attempted to impeach the accused’s credibility and therefore make holes in his incredible version of the events that transpired the night of his arrest.[1] Accordingly, we hold that appellee’s substantial rights were not prejudiced at trial since there is no reasonable possibility that the jury would have acquitted him if the contents of the black pouch had not been admitted into evidence.
On the basis of the foregoing, we reverse the judgment of the court of appeals and reinstate appellee’s conviction.

Judgment reversed.

*487 Moyer, C.J., Holmes, Douglas and Resnick, JJ., concur.
Sweeney, Wright and H. Brown, JJ., dissent.

. That statement reads as follows:
“Those are the facts. That’s what the officer saw and I ask you how much credibility!]] how much credibility can you give to a guy that sits here and tells you that he doesn’t use the cocaine when there’s cocaine in his pouch that he takes to work everyday. The same pouch that contains the baggies and they’re identical to the baggie in State’s Exhibit 1.”