OPINION
Defendant-appellant, Harvey Wells, and three other individuals were indicted by the Butler County Grand Jury on May 22, 1996 for receiving stolen property in violation of R.C. 2913.51. Appellant and/or his associates removed approximately $80,000 of aluminum forms from a fenced, padlocked area. Appellant and/or his associates took these aluminum forms to a recycling center for which they were paid scrap price. Appellant was tried before a jury and found guilty of receiving stolen property. The court sentenced appellant to two years in prison.
Appellant's sole assignment of error on appeal is as follows:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT ADMITTED CERTAIN RECEIPTS INTO EVIDENCE.
Appellant and/or his associates made at least four separate trips to the recycling center with loads of the aluminum forms resulting in at least seven separate receipts. At trial, three receipts were initially offered into evidence without objection by defense counsel. Later in the trial, four additional receipts were offered by the prosecution to which defense counsel objected as hearsay evidence. Defense counsel at this time also objected to the three receipts which had already been admitted into evidence. The court upheld the objection to the four receipts as hearsay evidence, but refused to reverse its earlier decision admitting the three receipts into evidence. Appellant argues that the admission of the three receipts as evidence was plain error because the receipts were hearsay and should have been excluded.
Hearsay is an out-of-court statement offered in court to prove the truth of the matter asserted. Evid.R. 801(C). This rule provides that, with certain exceptions, hearsay is not admissible at trial. In this case, we must first determine if the receipts are hearsay, and if so if any exception applies. Second, if the receipts are hearsay, we must determine if the trial court's refusal to exclude them constituted plain error or harmless error.
Appellee asserts that, even if the receipts are hearsay, Evid.R. 803(15) applies. Evid.R. 803(15) states that records affecting an interest in property are not excluded by the hearsay rule. We disagree with appellee's assertion. The reason the receipts were introduced into evidence was not to show an interest in property, but to connect the sale of the forms with appellant and his associates. The receipts therefore were used to prove the truth of the matter asserted and are hearsay.
However, not all errors resulting in the admission of hearsay evidence require the reversal of a conviction. Brown v. U.S. (1973), 411 U.S. 223, 231, 93 S.Ct. 1565, 1570. In Brown, the trial court erroneously admitted hearsay evidence. The United States Supreme Court stated that the admission was harmless error because "the testimony erroneously admitted was merely cumulative of other overwhelming and largely uncontroverted evidence properly before the jury." Id.
"Any error will be deemed harmless if it did not affect the accused's substantial rights." Crim.R. 52(A). The "accused has a constitutional guarantee to a trial free from prejudicial error, not necessarily one free from all error." Ohio v. Brown (1992),65 Ohio St.3d 483, 484. "Where constitutional error in the admission of evidence is extant, such error is harmless beyond a reasonable doubt if the remaining evidence, standing alone, constitutes overwhelming proof of defendant's guilt." State v. Tobasko (1970), 22 Ohio St.2d 36, syllabus.
At trial, two of appellant's associates, who had pled or eventually would plead guilty to similar charges, testified that appellant was involved in transporting and selling the forms to the recycling center. Additionally, in a written statement to police, appellant admitted involvement in at least one trip to the recycling center and receiving a portion of the proceeds from recycling the forms.
After a review of the entire record, we find that in light of the evidence presented, any prejudice that may have resulted from the admission of the three receipts constitutes harmless error. The introduction of the three receipts did not change the outcome of the trial or result in a miscarriage of justice. The testimony of appellant's associates regarding his involvement, coupled with appellant's own written admission to the police admitting his involvement, established beyond a reasonable doubt that appellant had committed the crime of receiving stolen property as charged. There was ample evidence for the jury to find appellant guilty beyond a reasonable doubt, even absent the admission of the three receipts.
Accordingly, we overrule appellant's assignment of error.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.