JOURNAL ENTRY AND OPINION
On the basis of ineffective appellate counsel, Juan Smith is attempting to reopen the judgment of this court which affirmed his conviction for one count of murder. We deny the application.
Upon appeal to this court, Smith's appellate lawyer is not required to raise and argue assignments of error that are meritless.[1] An appellate lawyer cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal.[2] Smith must also establish prejudice resulting from the services of his lawyer and show that but for the allegedly deficient performance, the result of his appeal would have been different.[3] For this court to grant an application for reopening, we must find that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).
 In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two-prong analysis found in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26 (B) (5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.[4]
Smith cannot establish either prong of the aforesaid Strickland
test.
Smith's first proposed assignment of error states:
 I. APPELLANT WAS DENTED THE RIGHT TO CONFRONTATION AND SEVERELY PREJUDICED WHEN THE TRIAL COURT BARRED TRIAL COUNSEL'S ATTEMPT ON RE-CROSS EXAMINATION TO IMPEACH THE PATHOLOGIST WITH HIS TESTIMONY AT THE PROBABLE CAUSE HEARING THAT HE COULD NOT DETERMINE WHEN, IN RELATION TO THE VICTIM'S DEATH, THE SPERM THAT WAS CONSISTENT WITH APPELLANT'S WAS DEPOSITED IN THE VICTIM.
Any potential error associated with the trial judge's refusal to allow his trial lawyer to impeach the pathologist during recross examination about the time frame associated with the deposit of sperm within the body of the victim, must be considered harmless beyond a reasonable doubt. Through Smith's fifth and sixth assignments of error as raised on direct appeal, we addressed the issues of sufficiency of the evidence and manifest weight of the evidence, and held:
 Not only did the state present compelling evidence showing defendant engaged in sexual relations with the victim shortly before her death, it presented evidence from three different witnesses who said that defendant admitted killing the victim because he did not have the money to pay her. Reasonable minds could have found the state proved the essential elements of murder.
* * *
 While the eyewitness gave specific testimony to establish Deloach's presence at the scene of the murder after-the-fact, the physical evidence likewise linked defendant to the victim at the time of her death. While the coroner could not pinpoint when defendant's seminal fluid entered the victim's mouth, he did say that it probably entered her mouth sometime either just before, or contemporaneous with the shooting.[5]
The outcome of Smith's trial would not have been different had his lawyer been allowed to impeach the pathologist on re-cross examination.[6]
The second proposed assignment of error states:
 I. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL WHEN HE FAILED TO ARGUE THE TRIAL COURT NEVER HAD JURISDICTION AS THE STATE FAILED TO MEET ITS BURDEN AT THE PROBABLE CAUSE HEARING TO PROVE THAT THERE WAS PROBABLE CAUSE TO BELIEVE THAT APPELLANT COMMITTED THE ACT (MURDER) CHARGED TN THE COMPLAINT.
This assignment of error raises an issue not raised at trial. Waiver precludes the issue of lack of jurisdiction vis-a-vis a defective probable cause hearing absent plain error and Smith has failed to demonstrate "outcome-determinative" plain error.[7]
The second proposed assignment of error fails to support the claim of ineffective assistance of appellate counsel.
The third proposed assignment of error states:
 III. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN COUNSEL FAILED TO ASSERT THAT APPELLANT'S CONVICTION IS VOID WHEN THERE IS NO PROPER BINDOVER BECAUSE THE BINDOVER WAS UNCONSTITUTIONALLY MANDATED.
The third assignment of error lacks merit. R.C. 2151.26 has been held to be constitutional.[8] We deny the application for reopening.
JAMES D. SWEENEY, P.J., AND COLLEEN CONWAY COONEY, J., CONCUR.
[1] Jones v. Barnes (1983), 463 U.S. 745, 103 S.Ct. 3308.
[2] Id; State v. Gumm (1995), 73 Ohio St.3d 413, 653 N.E.2d 253;State v. Campbell (1994), 69 Ohio St.3d 38, 630 N.E.2d 339.
[3] State v. Reed (1996), 74 Ohio St.3d 534, 660 N.E.2d 456.
[4] State v. Spivey (1998), 84 Ohio St.3d 24, 701 N.E.2d 696, at 25.
[5] State v. Smith, supra, at 11, 12.
[6] Chapman v. California (1967), 386 U.S. 18, 87 S.Ct. 824; State v.Brown (1992), 65 Ohio St.3d 483, 605 N.E.2d 46; State v. Lytle (1976),48 Ohio St.2d 391, 358 N.E.2d 623.
[7] State v. Hooks (2001), 92 Ohio St.3d 83; State v. Wade (1978),53 Ohio St.2d 182, 373 N.E.2d 1244.
[8] See State v. Wilson (Dec. 3, 1998), Cuyahoga App. No. 72165, unreported; State v. Ramey (May 22, 1998), Montgomery App. No. 16442, unreported. See, also, State v. Hanning (2000), 89 Ohio St.3d 86,728 N.E.2d 1059.