OPINION
{¶ 1} Defendant Dale Brennan appeals a judgment of the Municipal Court of Licking County, Ohio, which convicted and sentenced him for menacing, a misdemeanor of the fourth degree, in violation of R.C. 2903.22, after a bench trial. Appellant assigns two errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN ALLOWING, OVER THE OBJECTION OF THE DEFENDANT, THE LAY, OPINION TESTIMONY OF THE INVESTIGATING OFFICER CONCERNING THE HANDWRITING OFFERED INTO EVIDENCE.
 {¶ 3} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN ALLOWING, OVER THE OBJECTION OF THE DEFENDANT, QUESTIONING CONCERNING THE PRIOR DOMESTIC VIOLENCE CONVICTION OF THE DEFENDANT-APPELLANT."
 {¶ 4} At trial, the State alleged appellant left a note in the car of his estranged wife stating "I am watching you bitch, be careful where you go." At trial, the alleged victim testified the handwriting on the note was her husband's handwriting. Over objection, an officer of the police department also testified that the handwriting in the note matched examples he had received during his investigation. The State could produce no witness who actually observed appellant write or leave the note in the vehicle. Appellant took the stand in his own defense, and denied writing or leaving the note.
 I {¶ 5} In his first assignment of error, appellant alleges the trial court erred in permitting the police officer, over objection, to give an opinion concerning the handwriting offered into evidence.
 {¶ 6} Appellant concedes the Rules of Evidence specifically allow for non-expert testimony on the issue of handwriting identification. Evid.R. 901(B)(2) permits non-expert opinion as to the genuineness of handwriting, based upon familiarity not acquired for purposes of the litigation. Thus, the Rule permitted Mary Brennan to testify she was able to recognize the handwriting as that of appellant, her husband of eleven years. However, appellant is correct that the testimony of the police officer was not permitted by the Rule.
 {¶ 7} We find it was error for the trial court to permit the officer to testify the handwriting was that of appellant. However, we find the error was not prejudicial.
 {¶ 8} In State v. Thompson (1987), 33 Ohio St.3d 9, 514 N.E.2d 407, the Supreme Court reviewed a capital case in which the defendant argued the State adduced evidence which was cumulative and repetitive. The Supreme Court found it is error to permit cumulative and repetitive evidence to be presented to the jury, but the error is not prejudicial if presented in the guilt phase of the capital case. The court found the jury would have convicted the appellant regardless of the admission of the cumulative evidence.
 {¶ 9} Here, the matter was tried to the bench. An appellate court must presume, in reviewing a bench trial, that the trial court considered nothing but relevant and competent evidence in reaching its verdict. The presumption may be overcome only if the appellant affirmatively shows the contrary to be true, State v. Wiles (1991), 59 Ohio St.3d 71,571 N.E.2d 97.
 {¶ 10} We find the admission of Officer Dickman's testimony to be harmless beyond a reasonable doubt, see State v. Brown (1992),65 Ohio St.3d 483. Accordingly, the first assignment of error is overruled.
 II {¶ 11} In his second assignment of error, appellant argues the court improperly permitted the prosecutor to cross-examine appellant regarding his previous conviction of domestic violence.
 {¶ 12} On cross-examination of Mary Brennan, defense counsel inquired whether Ms. Brennan had threatened to fabricate criminal complaints against appellant so that she would not lose her children from this marriage as she had in her prior divorce. Ms. Brennan denied making such a threat.
 {¶ 13} On direct examination, appellant testified he believed his wife had planted the note in her vehicle herself. Appellant testified during the parties' separation, the police had visited the parties' residence on several occasions. Appellant testified he had called the police because his estranged wife would break into the house and remove personal property. Because he had called the police a number of times, his wife obtained a civil protection order against him in order to impair his ability to challenge her request for custody of the children in the divorce action.
 {¶ 14} On cross, the prosecutor inquired further into appellant's allegation his wife was fabricating incidents to obtain an advantage in the divorce court. Appellant objected, and the court found it was unfair to permit appellant to discuss the matter on direct without permitting the State to pursue it on cross. Thereupon, the court permitted the State to inquire whether appellant had a conviction for domestic violence. Defense counsel again objected on the grounds of relevance, and the prosecutor responded this evidence was relevant to rebut the accusation the alleged victim was fabricating everything and had no reason to be frightened of appellant.
 {¶ 15} Appellant argues that prior bad acts may not be used to attack the credibility of a witness, and admission of this evidence was prejudicial.
 {¶ 16} We find no merit in appellant's arguments. First, it appears appellant opened the door to questions of his character and prior dealings between the parties. Secondly, as cited in I, supra, this matter was tried to the bench, not before a jury, and we presume the trial court understood the uses to which this evidence could be put. We agree with the appellant this information was prejudicial, and went somewhat beyond the issues appellant raised in cross-examining his estranged wife, but we nevertheless find that it was not error for the court to permit the question and answer.
 {¶ 17} The second assignment of error is overruled.
 {¶ 18} For the foregoing reasons, the judgment of the Municipal Court of Licking County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin P.J., Edwards, J., and Boggins, J., concur
Topic: criminal — lay opinion of handwriting