{¶ 16} In its opinion, the majority reverses Appellant's sentence and remands this case for resentencing pursuant to State v. Foster,109 Ohio St.3d 1, 2006-Ohio0856, even though Appellant was not sentenced until after Foster was released. I must respectfully disagree.
 {¶ 17} Foster declared some of Ohio's felony sentencing statutes unconstitutional because they mandated that a trial court find certain facts before sentencing a defendant to more than the statutory minimum prison term, which violated the defendant's right to a jury trial. AfterFoster, these statutes are no longer effective, so a trial court cannot violate a defendant's right to a jury trial when explaining the basis for its sentence. Post-Foster, a defendant cannot be harmed when a trial court considers certain facts before sentencing a defendant to more than minimum, concurrent sentences, something the trial court is no longer statutorily required to do. Since Foster is the only basis for Appellant's appeal, his sentence should be affirmed.
 {¶ 18} On appeal, Appellant contends that his sentence should be reversed since the trial court relied on statutes which had been declared unconstitutional when sentencing him. At first blush, this argument is persuasive. In its judgment entry, the trial court cites to R.C. 2929.14(B) and (C) and states that it makes findings in accordance with those statutes. R.C. 2929.14(B) required that a trial court make particular findings before sentencing an offender to more than the minimum possible prison term. R.C. 2929.14(C) required that a trial court make different findings before sentencing an offender to the maximum statutory prison sentence. In Foster, the Ohio Supreme Court held that R.C. 2929.14(B) and (C), along with other statutory sections, are unconstitutional and declared those statutory sections void. Thus, the trial court made findings pursuant to an unconstitutional statutory section when it sentenced Appellant.
 {¶ 19} However, the error committed by the trial court in this case is distinct from the error addressed in Foster. In Foster, the Ohio Supreme Court held that R.C. 2929.14(B) was unconstitutional because it violated the defendant's right to a jury trial. When making this conclusion, the Ohio Supreme Court relied on the decisions in Blakely v. Washington
(2004) 542 U.S. 296 and United States v. Booker (2005), 543 U.S. 220. InBlakely, the United States Supreme Court clarified its holding inApprendi v. New Jersey, 530 U.S. 466, 490, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," by defining what the Court meant by the phrase "statutory maximum." Blakely held that "the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict oradmitted by the defendant. In other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." (Emphasis sic) (Citations omitted) Id. at 303-304.
 {¶ 20} When reaching this conclusion, the United States Supreme Court was careful to clarify that a defendant's right to a jury trial is not violated when a judge finds facts when determining an appropriate sentence; they only do so when they find facts mandated by statute when determining an appropriate sentence. Id. at 308 309.
 {¶ 21} "First, the Sixth Amendment by its terms is not a limitation on judicial power, but a reservation of jury power. It limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury. Indeterminate sentencing does not do so. It increases judicial discretion, to be sure, but not at the expense of the jury's traditional function of finding the facts essential to lawful imposition of the penalty. Of course indeterminate schemes involve judicial fact-finding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion. But the facts do not pertain to whether the defendant has a legal right to a lesser sentence — and that makes all the difference insofar as judicial impingement on the traditional role of a jury is concerned." (Emphasis sic) Id.
 {¶ 22} The Court's subsequent decision in Booker further demonstrated that the only thing in this context which violates a defendant'sSixth Amendment right to a jury trial is when a judge is required to find particular facts before increasing a defendant's sentence. That decision dealt with the constitutionality of the federal sentencing structure. The Court determined that trial courts violated defendants' rights when they sentenced them pursuant to the federal sentencing guidelines. Id. at 243-244. But when fashioning a remedy to this constitutional violation, the Court simply made those guidelines advisory, rather than mandatory. Id. at 245-246. Thus, the United States Supreme Court has clearly held that judges are allowed to find facts at sentencing. They just cannot be legislatively mandated to find a particular fact in order to increase an offender's sentence.
 {¶ 23} The Ohio Supreme Court recognized this distinction inFoster. Although the Ohio Supreme Court held that the statutes, such as R.C. 2929.14(B) and (C), which mandated that certain findings were to be made, were unconstitutional, it held that other statutes, such as R.C.2929.12, which only required that a trial court "consider" certain factors at sentencing, passed constitutional muster. Id. at ¶ 42. In other words, both the United States and Ohio Supreme Courts have recognized that judges must make factual findings when making appropriate sentencing decisions. These courts merely held that judicial fact-findings violates a defendant's right to a jury trial when statutes mandate that a trial court find certain facts in order to increase an offender's sentence beyond that authorized solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.
 {¶ 24} In this case, Appellant cannot claim a constitutional error because he was not sentenced until after Foster was decided. Appellant's sentencing hearing was held on February 2, 2006, and the trial court's sentencing entry was filed on March 2, 2006. The Ohio Supreme Court decided Foster between these two dates, on February 27, 2006. A court speaks through its journal and a sentence is not effective until it is journalized. Crim.R. 32(C); Kaine v. Marion Prison Warden,88 Ohio St.3d 454, 455, 2000-Ohio-0381. Thus, Appellant was sentenced on the day his sentencing entry was filed, which was post-Foster.
 {¶ 25} After Foster, there are no statutory limits on the facts a trial court can use to determine whether to give a minimum prison sentence, more than the minimum prison sentence, maximum prison sentences, or consecutive prison sentences. A judge can use any fact it wants to determine the sentence it will impose on a particular offender without violating that offender's right to a jury trial, the right protected by Blakely, Booker, and Foster. Instead, the only error Appellant can claim is that the trial court erred when considering an inoperative statute at sentencing.
 {¶ 26} The difference between a constitutional error and a non-constitutional error is significant. A court faced with a constitutional error can only be considered harmless if the appellate court can "declare a belief that it was harmless beyond a reasonable doubt." Chapman v. California (1967), 386 U.S. 18, 24. In contrast, non-constitutional errors are only reversible when they "affect substantial rights," a much lower standard. Crim.R. 52(A); State v.Brown, 65 Ohio St.3d 483, 485, 1992-Ohio0061. A party's substantial rights are not automatically affected merely because a trial court relies on a statute which is no longer operable when reaching a judgment. See In re Day, 01 BA 28, 2003-Ohio-1215. In such a case, this court must determine whether the error is harmless before reversing the trial court's decision. Id. at ¶ 13 16. Accordingly, before we can reverse Appellant's sentence, it must first determine whether the error has affected Appellant's substantial rights.
 {¶ 27} In this case, it does not appear that the trial court's citation to R.C. 2929.14(B) or (C) has actually harmed Appellant in any way. There are no longer any limits on a trial court's ability to sentence an offender to more than the minimum possible statutory prison term. However, the trial court placed such a limit on itself by making certain findings before sentencing Appellant to more than the minimum sentence and maximum sentences. These voluntary limits only benefited Appellant.
 {¶ 28} Furthermore, while there is nothing requiring that the trial court make that particular finding, there is nothing preventing the trial court from making a particular finding either. It would be perfectly acceptable, post-Foster for a trial court to find that "the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others," the findings formerly required by R.C.2929.14(B) in most cases, when sentencing an offender because that finding is no longer required by statute. Likewise, there is nothing preventing a court form sentencing an offender to the maximum sentence because he committed "the worst form of the offense," a finding formerly required by R.C. 2929.14(C). This conclusion should not change merely because the trial court cites to the former statute when making this finding.
 {¶ 29} One could reasonably ask how this court could conclude that the error in this case is harmless, while the same action taken pre-Foster would result in reversal. The difference appears to be in how courts judge prejudice in cases involving constitutional error and how they judge prejudice in cases involving non-constitutional error. In the former, such as with Blakely and Foster, prejudice is presumed and an error is only harmless if it is harmless beyond a reasonable doubt. In contrast, the defendant must demonstrate prejudice in the latter set of cases, such as this one. Thus, a finding of harmless error in this case is not inconsistent with the decisions in Blakely and Foster since prejudice in this case is measured differently then prejudice in those cases.
 {¶ 30} We should not reverse Appellant's sentence just because the trial court cited to R.C. 2929.14(B) after that statute had been declared unconstitutional. Since Foster severed the statutory sections which caused the violation of the right to a jury trial, the trial court was no longer capable of violating that right when sentencing Appellant and could consider any factor it wished to give Appellant any authorized sentence within the statutory range. It chose to consider the factors formerly required by R.C. 2929.14(B) and (C). There is nothing in either a statute or rule prohibiting the trial court from considering these factors, which had formerly been required by statute. Furthermore, the consideration of these factors actually benefited Appellant since they made the trial court consider giving the minimum term.
 {¶ 31} For these reasons, the arguments in Appellant's sole assignment of error are meritless. The trial court erred when it relied on a statute which the Ohio Supreme Court had declared unconstitutional. However, this error did not affect-12 Appellant's substantial rights. Accordingly, the trial court's judgment should be affirmed.