{¶ 17} The issue presented by the parties in this case is whether a trial court commits reversible error when it relies on former R.C.2929.14(B) when sentencing an offender to more than the minimum sentence. That statute was severed by the Ohio Supreme Court inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-0856, as unconstitutional because it violated the offender's right to a jury trial. The majority contends that such an error is a constitutional error because "[disregarding the Supreme Court's constitutionally-required severance pronouncement is just as unconstitutional as originally applying the unconstitutional statute. I must respectfully disagree.
 {¶ 18} A trial court clearly errs when it relies on a statute which has been declared unconstitutional by a higher court. However, such an error is not a constitutional error and, therefore, is subject to harmless error review. Appellant has failed to demonstrate that she was prejudiced by the trial court's judgment since the trial court at least considered imposing the minimum sentence, something the trial court is no longer statutorily required to do. Accordingly, the trial court's decision in this case should be affirmed.
 {¶ 19} In Foster, the Ohio Supreme Court held that R.C. 2929.14(B) was unconstitutional because it violated the defendant's right to a jury trial. When making *Page 6 
this conclusion, the Ohio Supreme Court relied on the decisions inBlakely v. Washington (2004) 542 U.S. 296 and United States v.Booker (2005), 543 U.S. 220. In Blakely, the United States Supreme Court clarified its holding in Apprendi v. New Jersey, 530 U.S. 466, 490, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," by defining what the Court meant by the phrase "statutory maximum." Blakely held that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflectedin the jury verdict or admitted by the defendant. In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." (Emphasis sic) (Citations omitted) Id. at 303-304.
 {¶ 20} When reaching this conclusion, the United States Supreme Court was careful to clarify that a defendant's right to a jury trial is not violated when a judge finds facts when determining an appropriate sentence; they only do so when they find facts mandated by statute when determining an appropriate sentence. Id. at 308-309.
 {¶ 21} "First, the Sixth Amendment by its terms is not a limitation on judicial power, but a reservation of jury power. It limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury. Indeterminate sentencing does not do so. It increases judicial discretion, to be sure, but not at the expense of the jury's traditional function of finding the facts essential to lawful imposition of the penalty. Of course indeterminate schemes involvejudicial factfinding, in that a judge (like a parole board) mayimplicitly rule on those facts he deems important to the exercise of hissentencing discretion. But the fact do (sic) not pertain to whether the defendant has a legal right to a lesser sentence — and that makes all the difference insofar as judicial impingement on the traditional role of a jury is concerned." (Emphasis added) Id.
 {¶ 22} The Court's subsequent decision in Booker further demonstrated that the only thing in this context which violates a defendant's SixthAmendment right to a jury trial is when the a judge is required to findparticular facts before increasing a defendant's sentence. That decision dealt with the constitutionality of the federal *Page 7 
sentencing structure. The Court determined that trial courts violated defendants' rights when they sentenced them pursuant to the federal sentencing guidelines. Id. at 243-244. But when fashioning a remedy to this constitutional violation, the Court simply made those guidelines advisory, rather than mandatory. Id. at 245-246. Thus, the United States Supreme Court has clearly held that judges are allowed to find facts at sentencing. They just cannot be legislatively mandated to find a particular fact in order to increase an offender's sentence.
 {¶ 23} The Ohio Supreme Court recognized this distinction inFoster. Although the Ohio Supreme Court held that the statutes, such as R.C. 2929.14(B), which mandated that certain findings were to be made, were unconstitutional, it held that other statutes, such as R.C.2929.12, which only required that a trial court "consider" certain factors at sentencing, passed constitutional muster. Id. at ¶ 42.
 {¶ 24} "Because R.C. 2929.14(B) and (C) and 2929.19(B)(2)require judicial fact-finding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, they are unconstitutional. Because R.C. 2929.14(E)(4) and2929.41(A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before imposition of consecutive sentences, they are unconstitutional. Because R.C.2929.14(D)(2)(b) and (D)(3)(b) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before repeat-violent-offender and major-drug-offender penalty enhancements are imposed, they are unconstitutional." (Emphasis added) Id. at ¶ 83.
 {¶ 25} In other words, both the United States and Ohio Supreme Courtshave recognized that judges must make factual findings when makingappropriate sentencing decisions. These courts merely held that judicialfactfindings violates a defendant's right to a jury trial when statutesmandate that a trial court find certain facts in order to increase an offender's sentence beyond that authorized solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.
 {¶ 26} The Constitution does not prevent judges from finding and considering facts when sentencing offenders for their crimes. Instead, a constitutional violation occurs when judges are required to find particular facts, which have not been found by *Page 8 
a jury, when sentencing an offender to a particular sentence. A trial judge in Ohio did not violate an offender's rights when that judge determined that the minimum prison term would demean the seriousness of the offense; the offender's rights were violated because the judge wasrequired to find this fact before imposing more than a minimum sentence. After Foster, Ohio's trial courts are no longer required to make those findings, so the offender's rights cannot be violated when the trial court considers those facts.
 {¶ 27} In this case, the trial court did not err when it considered whether the minimum sentence would demean the seriousness of Appellant's offense. It's error was citing to R.C. 2929.14(B) after the Ohio Supreme Court had declared that statute unconstitutional when making that determination. That statute was no longer operable and could not be relied upon by the trial court when sentencing Appellant. However, we do not reverse trial courts merely because they have committed an error; an appellant must be prejudiced by the error before we will overturn the trial court's judgment. State v. Perry, 101 Ohio St.3d 118, 2004-Ohio-0297, at ¶ 8.
 {¶ 28} The error at issue in Foster was a constitutional error; the trial court's actions denied Foster his constitutional right to a jury trial since the trial court found facts (the findings required by former R.C. 2929.14(B)) when sentencing Foster. The majority claims the trial court's error in this case was a constitutional error as well. However, the trial court's error could not have violated the defendant's right to a jury trial, the right protected by Blakely, Booker, andFoster, since there are no statutory limits on the facts a trial court can use to determine whether to give a minimum prison sentence, more than the minimum prison sentence, maximum prison sentences, or consecutive prison sentences after Foster. A trial judge in Ohio can now use any fact it wants to determine the sentence it will impose on a particular offender without violating that offender's right to a jury trial.
 {¶ 29} This jurist is at a loss as to what other constitutional right was at stake when Appellant was sentenced and the majority fails to identify any. If there was no constitutional right at stake, then the trial court's error must have been a non-constitutional, rather than a constitutional, error. *Page 9 
 {¶ 30} The difference between a constitutional error and a non-constitutional error is significant. A court faced with a constitutional error can only be considered harmless if the appellate court can "declare a belief that it was harmless beyond a reasonable doubt." Chapman v. California (1967), 386 U.S. 18, 24. In contrast, non-constitutional errors are only reversible when they "affect substantial rights," a much lower standard. Crim.R. 52(A); State v.Brown, 65 Ohio St.3d 483, 485, 1992-Ohio-0061.
 {¶ 31} In this case, the trial court's citation to R.C. 2929.14(B) did not actually harm Appellant in any way. There are no longer any limits on a trial court's ability to sentence an offender to more than the minimum possible statutory prison term. However, the trial court placed such a limit on itself by making certain findings before sentencing Appellant to more than the minimum sentence. These voluntary limits only benefited Appellant.
 {¶ 32} Furthermore, while there is nothing requiring that the trial court make that particular finding, there is nothing preventing the trial court from making a particular finding either. It is perfectly acceptable, post-Foster for a trial court to find that "the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others," the findings formerly required by R.C. 2929.14(B) in most cases, when sentencing an offender because that finding is no longer required by statute. This conclusion does not change merely because the trial court cites to the former statute when making this finding.
 {¶ 33} The majority correctly points out that this analysis is similar to that used by the critics of Foster, who claim that the severed statutes only served to benefit defendants by making it more difficult for sentencing courts to impose sentences above the statutory minimum. However, there is an important distinction between this case andFoster, the nature of the error. In cases involving constitutional error, such as Blakely and Foster, prejudice is presumed and an error is only harmless if the prosecution can demonstrate that the error is harmless beyond a reasonable doubt. In contrast, in cases involving non-constitutional errors, such as this one, the defendant bears the burden of demonstrating prejudice. *Page 10 
 {¶ 34} This shift in the burden to show prejudice from the prosecution to the defense is critical because it changes the perspective we use when deciding whether a particular error is reversible. Thus, the critics of Foster are wrong, since the Ohio Supreme Court could not be sure that the error was harmless beyond a reasonable doubt. Nevertheless, those same arguments are important now since Appellant must show us how she was prejudiced. Thus, a finding of harmless error in this case is not inconsistent with the decisions in Blakely andFoster.
 {¶ 35} The majority suspects that the trial court may not have been aware of Foster when sentencing Appellant. This may very well be correct, but is legally irrelevant. We can rationally affirm Appellant's sentence because the trial court's error was not a constitutional error, even though the actions would have been a constitutional error prior toFoster, and Appellant cannot show that she was prejudiced by that non-constitutional error.
 {¶ 36} In this appeal, Appellant has not challenged the reasonableness of her sentence (an issue which has been raised in other cases). Instead, Appellant's only basis for challenging her sentence is that the trial court cited to R.C. 2929.14(B) when imposing that sentence. But we cannot reverse Appellant's sentence just because the trial court erroneously cited to R.C. 2929.14(B) after that statute had been declared unconstitutional. Since the trial court's error was not a constitutional error, Appellant has the duty of demonstrating that she is prejudiced by that error before we can reverse her sentence.
 {¶ 37} Since Foster severed the statutory sections which caused the violation of the right to a jury trial, the trial court could consider any factor it wished to give Appellant any authorized sentence within the statutory range. It chose to consider whether the minimum sentence would demean the seriousness of the offense or adequately protect the public. There is nothing in either a statute or rule prohibiting the trial court from considering these factors. Furthermore, the consideration of these factors actually benefited Appellant since they made the trial court consider giving the minimum term. Appellant has failed to demonstrate that the trial court's error in this case prejudiced her in any way. *Page 11 
 {¶ 38} For these reasons, the arguments in Appellant's sole assignment of error are meritless. The trial court did not commit prejudicial error when it relied on a statute which the Ohio Supreme Court had declared unconstitutional since the trial court's decision did not affect Appellant's substantial rights. Accordingly, the trial court's judgment should be affirmed. *Page 1