OPINION *Page 2 
{¶ 1} Appellant, Julius Watters, appeals his conviction in the Licking County Court of Common Pleas for aggravated burglary and robbery. Appellee is State of Ohio.
 STATEMENT OF FACTS AND CASE {¶ 2} On October 27, 2006, appellant, Julius Watters, was indicted by the Licking County grand jury for one count of aggravated burglary in violation of R.C. 2911.11(A)(1), a felony of the first degree and one count of robbery in violation of R.C.2911.02(A)(2), a felony of the second degree. On November 7, 2006, appellant pleaded not guilty to the charges.
 {¶ 3} On March 14, 2007, the matter proceeded to trial. After the presentation of evidence, the jury found appellant guilty as charged, and he was sentenced to serve a four year prison term.
 {¶ 4} Appellant now seeks to appeal his conviction setting forth the following assignment of error:
 {¶ 5} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN ALLOWING CERTAIN EVIDENCE TO BE ADMITTED."
 {¶ 6} In this assignment of error the appellant argues that the trial court erred by failing to exclude prejudicial hearsay evidence. Specifically, the appellant argues that the trial court erred in permitting the investigating officer to testify, that during the course of his investigation, the victim identified the appellant using a photo array. Appellant argues that the officer's testimony regarding this out of court statement by the victim violated his right to confrontation under Crawford v. Washington (2004), 541 U.S. 36, 124 S.Ct. 1354,158 L. Ed.2d 177. *Page 3 
 {¶ 7} The decision to admit or exclude evidence is left to the sound discretion of the trial court and will not be overturned on appeal absent a showing of an abuse of discretion. Calderon v. Sharkey (1982),70 Ohio St. 2d 218, 436 N.E. 2d 1008. The phrase "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State exrel. Edwards v. Toledo City School Dist. Bd. of Edn. (1995),72 Ohio St.3d 106, 107, 647 N.E.2d 799; Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 8} "The Ohio Rules of Evidence require an additional layer of analysis. Because testimony may be admissible under the Confrontation Clause yet inadmissible under the rules of evidence, and vice versa, seeCrawford, 541 U.S. at 51, 124 S.Ct. 1354, 158 L.Ed.2d 177, the declarant's statements must fall within the constitutional requirementsand the rules of evidence to be admissible." State v. Nevins (2007), 171 Ohio App. 3d 97,104, 2007-Ohio-1511, 869 N.E. 2d 719.
 {¶ 9} "In Crawford v. Washington (2004), 541 U.S. 36, 124 S.Ct. 1354,158 L.Ed.2d 177, the Supreme Court rejected the practice of allowing the use of an unavailable witness's out-of-court statement if it had sufficient indicia of reliability, reasoning that the practice violated the accused's right to confront the witnesses against him.Crawford held that a testimonial statement from a witness who does not appear at trial is inadmissible against the accused unless the witness is unavailable to testify and the defendant had a prior opportunity to cross-examine the witness. Id. at 59, 124 S.Ct. 1354, 158 L.Ed.2d 177." Id.
 {¶ 10} Evid. R. 801(D)(1)(c) provides that a statement made out of court is not hearsay if the declarant testifies at the trial, is subject to cross-examination concerning *Page 4 
the statement, and the statement is one of identification of a person soon after perceiving the person, if the circumstances demonstrate the reliability of the prior identification.[1]
 {¶ 11} Pursuant to Evid. R. 801(D)(1)(c), reliability factors include "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation." See Manson v. Brathwaite (1977), 432 U.S. 98, 114, 97 S.Ct. 2243.
 {¶ 12} Pursuant to 801(D)(1)(c) prior identification of accused may be shown by testimony of identifier, or by testimony of a third person to whom or in whose presence identification was made, where identifier has testified and is available for cross-examination, as substantive proof of identity of accused as guilty party. State v. Anderson, Montgomery App. No. C.A. 13003, (March 23, 1994), unreported.
 {¶ 13} In this case, prior to Detective Brnjic's testimony, the victim took the stand and testified that on October 16, 2006, he arrived home at around 3:00 A.M. He testified that as he was walking toward his house he saw "Joe, and him and Mikey Davis" walking around in his house T.69. He stated by "him" he meant Julius" T.70. He testified that as he opened the door to the house the three men ran out the back door. He stated that he ran around to the back of the house and the appellant came running out of the house, tackled him at the picnic table and started punching him in the jaw. T.72-73. He testified that around 8:00 A.M. he contacted the police. T.76. He testified *Page 5 
that a toboggan, dart board game, cigarettes and food had been taken from his home. T.77. He stated that he recognized the three men because they had been in his house before.T.81. He stated that he knew that the appellant had been with Joe at his house.T.81. He said that there was forced entry to his home through a sliding glass kitchen window.T.79. He testified that he spoke with investigating officer, Detective John Brnjic, who showed him a photo array on October 16, 2006 at 7:51 P.M. He testified that he positively identified the appellant as being one of the men in his home on the night of the incident from the photo array.T.82-84.[2] Finally, the State asked the victim the following question:
 {¶ 14} "State: The individual that we've been discussing as either the defendant or Julius, the individual you saw in the house that tackled you and punched you, is he present in the courtroom this morning? * * *
 {¶ 15} "Victim: Yes."
 {¶ 16} The victim immediately identified the appellant in the courtroom as being the person who committed the offenses. The court then indicated that the record would reflect that the victim had identified the defendant.
 {¶ 17} After answering questions by the State on direct examination, the victim was confronted by the appellant, by and through the cross-examination of appellant's counsel, regarding his direct testimony and identification of the appellant.
 {¶ 18} After the victim's testimony, Detective Brnjic was called to the stand by the State and testified that during the course of his investigation he showed the victim a photo array, and the victim made a pretrial identification of Julius Watters as being one *Page 6 
of the perpetrators.T.140. Detective Brnjic's testimony was identical to the sworn testimony of the victim.
 {¶ 19} We find that the trial court did not abuse its discretion in finding that Detective Brnjic's testimony was admissible. The record established that the victim was available and gave sworn testimony at the trial which was subject to cross examination. The victim's out of court identification was reliable because the victim was familiar with the appellant and positively identified the appellant in the photo array within hours of the criminal event. The testimony of Detective Brnjic was identical in content to the victim's sworn testimony. Therefore, the testimony of Detective Brnjic was admissible hearsay pursuant to Evid. R. 801(D)(1)(c) and did not violate the rule of law set forth inCrawford v. Washington.
 {¶ 20} Even if we were to find that the detective's testimony was inadmissible hearsay, the error in the admission was harmless. InState v. Riffle, Muskingum App. No. 2007-0013, 2007-Ohio-5299, this Court cited State v. Brown (1992), 65 Ohio St. 3d 483, 605 N.E. 2d 46, wherein the Supreme Court set forth the following standard for a harmless error analysis:
 {¶ 21} "In making a Crim. R. 52(A) harmless error analysis, any error will be deemed harmless if it did not effect the accused's `substantial rights.' Otherwise stated, the accused has a constitutional guarantee to a trial free from prejudicial error, not necessarily one free of all error. Before constitutional error can be considered harmless, we must be able to `declare a belief that it was harmless beyond a reasonable doubt.' Chapman, supra, 386 U.S. at 24, 87 S.Ct. at 828,17 L.Ed. 2d at 711. Where there is no reasonable possibility that unlawful testimony contributed to a conviction, the error is *Page 7 
harmless, and therefore, will not be grounds for reversal. State v.Lytle (1976), 48 Ohio St 2d 391, 358 N.E. 2d 623, paragraph three of syllabus, vacated on other grounds in (1978), 438 U.S. 910,98 S.Ct. 3135, 57 L.Ed 2d 1154.' Id. at 485, 605 N.E. 2d at 46.
 {¶ 22} "The test for determining whether the admission of inflammatory or otherwise erroneous evidence is harmless and non-constitutional error requires the reviewing court to look at the whole record, leaving out the disputed evidence, and then decide whether there is other substantial evidence to support the guilty verdict. State v. Davis
(1975), 44 Ohio App. 2d 335, 347, 338 N.E.2d 793. If there is substantial evidence, the conviction should be affirmed, but if there is not other substantial evidence, then the error is not harmless and a reversal is mandated." Id. State v. Riffle, supra at paragraphs 34-36.
 {¶ 23} Based on the testimony of the victim, there was sufficient evidence to establish beyond a reasonable doubt that the appellant committed the offenses of aggravated burglary and robbery. Therefore, we find that even if the statements by the detective could be considered inadmissible hearsay, their admission amounted to harmless error. For these reasons we find appellant's assignment of error to be without merit. *Page 8 
 {¶ 24} Accordingly, appellant's assignment of error is hereby overruled.
 {¶ 25} The judgment of the Licking County Court of Common Pleas is hereby affirmed.
 Edwards, J. Hoffman, P.J. and Gwin, J. concur *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to Appellant.
[1] (D) Statements which are not hearsay. A statement is not hearsay if: (1) Prior statement by witness. The declarant testifies at trial or hearing and is subject to cross-examination concerning the statement, and the statement is * * * (c) one of identification of a person soon after perceiving the person, if the circumstances demonstrate the reliability of the prior identification. Evid. R. 801(D)(1)(c).
[2] The victim was shown and identified State's Exhibit 3 which bears the victim's signature, the date of October 16, 2006, and a time of 7:15 P.M. *Page 1