[Cite as *State v. Gagovski*, 2012-Ohio-6088.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. 12AP020012 |
| KRISTINA N. GAGOVSKI | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Tuscarawas County Court
                                of Common Pleas, Case No.


JUDGMENT:                       AFFIRMED


DATE OF JUDGMENT ENTRY:         December 19, 2012


APPEARANCES:

For Appellant:                          For Appellee:

RODNEY A. BACA                          RYAN STYER
610 Market Ave. North                   TUSCARAWAS CO. PROSECUTOR
Canton, OH 44702                        R. SCOTT DIETRICK
                                        125 E. High Ave.
                                        New Philadelphia, OH 44663

*Delaney, J.*

{¶1} Appellant Kristina N. Gagovski appeals her conviction and sentence in the Tuscarawas County Court of Common Pleas upon one count of felonious assault. Appellee is the state of Ohio.

*FACTS AND PROCEDURAL HISTORY*

{¶2} Appellant and Jason Bair were once romantically involved and have two daughters together, ages 2 and 4 at the time of these events. Appellant and Bair had lived together in an apartment on 4th Drive, New Philadelphia, Ohio. Bair eventually moved out of the apartment but visited frequently because of the children. After Bair moved out, a roommate, Molly Miller, moved in with appellant and her children.

{¶3} On July 4, 2011, Bair had both children with him at his mother's house during the day. Friends came over for a party and Bair had approximately five beers during the course of the day. He spoke to appellant on the telephone several times and the conversations were cordial. In the meantime, appellant was also at a party with friends of her own. Appellant consumed a bottle of wine and three or four shots, topped off with Xanax and Vicodin, among other prescription medications.

{¶4} Around 5:00 p.m., Bair and the two children returned to the house on 4th Drive in Bair's van to meet appellant. Appellant got into the van and the four drove to a Mini Market where they bought alcoholic beverages. They returned to the house, put the beverages away, and then left again for Taco Bell to purchase food. Bair drove.

{¶5} Upon their return to the house, appellant sat on the couch in the living room and ate with the 2-year-old while Bair was in the kitchen with the 4-year-old. As the four ate downstairs, Molly Miller returned to the residence and went upstairs.

{¶6} In the kitchen, Bair looked at appellant's cell phone and noticed a text message which angered him. Bair told appellant he was leaving immediately, accused her of cheating on him, and called up the stairs to Miller that he was leaving. Bair took the 4-year-old with him to the minivan and began to strap her into her car seat.

{¶7} Appellant came out of the house with a steak knife in her hand and told Bair, "You're not leaving." She punctured a tire on the van with the knife, flattening it. She then opened the van's rear door and pulled the 4-year-old out of the vehicle. Bair said he was going to call the police regarding appellant's treatment of the child. According to Bair, appellant then stated, "You're dead" and stabbed him in his upper left chest.

{¶8} Bair told appellant to call 911 but she refused, stating she would lose the kids if the police were involved. Bair then yelled for Miller, who was still upstairs. Miller grabbed both children and ran to a neighbor's house to call police. Appellant told Bair she was sorry and that she loved him.

{¶9} Bair was transported to Akron General Hospital where he was found to have a 2-centimeter left anterior chest laceration. Upon review of an x-ray, treating doctors determined his wound was superficial because it did not threaten his lungs or heart. The wound was dressed and Bair was told to keep clean gauze on it.

*Appellant's Shifting Admissions to the Stabbing*

{¶10} During the investigation of the stabbing, appellant gave investigators a written statement claiming Bair came after her and she stabbed him to defend herself.

{¶11} At trial, appellant testified on her own behalf and admitted she stabbed Bair but claimed it was an accident. She claimed she punctured the tire of the van in an attempt to stop Bair from driving drunk with the kids, and that Bair chased her back into the house as she carried the knife and then somehow "fell" onto the knife.

*Appellant Urged  Witness Not to Seek Help for Bair*

{¶12} Miller also testified at trial. She did not hear the confrontation which led to the stabbing and was still upstairs when she heard Bair calling "Molly, help me." She found him laying on the floor of the garage, obviously injured, with appellant standing over him. The couple's 4-year-old daughter was "draped over" Bair, sobbing. Appellant said Bair was fine, but Miller picked up the telephone to call police. The phone did not work. Appellant's shirt was off and she wore only a bra; Miller noticed appellant's cell phone tucked into the bra. Miller asked to use the cell phone to call police but appellant refused. Miller then grabbed the children and ran to the neighbor's house to use their phone.

*Indictment, Conviction, and Sentence*

{¶13} Appellant was charged by indictment with two counts of felonious assault pursuant to R.C. 2903.11(A)(1) and (A)(2), but appellee dismissed the first count prior to trial. The case proceeded to trial by jury. Appellant moved for judgment of acquittal pursuant to Crim.R. 29(A) at the conclusion of appellee's evidence and at the close of all the evidence; the motions were overruled. Appellant was found guilty as charged

and was sentenced to a prison term of two years, suspended upon the condition that she complete a community control sanction.

{¶14} Appellant now appeals from the judgment entries of her conviction and sentence.

{¶15} Appellant raises two Assignments of Error:

{¶16} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED APPELLANT HER DUE PROCESS RIGHTS TO A FAIR TRIAL BY NOT ALLOWING EVIDENCE OF THE VICTIM'S CHARACTER REGARDING OPINION AND REPUTATION, AND SPECIFIC ACTS EVIDENCED."

{¶17} "II. THE EVIDENCE IS INSUFFICIENT TO SUSTAIN THE CONVICTION AND THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I.

{¶18} Appellant argues in her first assignment of error the trial court should have permitted her to elicit evidence of Bair's alleged specific violent acts, to wit, a number of alleged acts of domestic violence against appellant.

{¶19} The admission or exclusion of evidence is a matter left to the sound discretion of the trial court. Absent an abuse of discretion resulting in material prejudice to the defendant, a reviewing court should be reluctant to interfere with a trial court's decision in this regard. *State v. Hymore*, 9 Ohio St.2d 122, 128, 224 N.E.2d 126 (1967). In order to find an abuse of discretion, the reviewing court must find that the trial court's decision was unreasonable, arbitrary, or unconscionable and

not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶20} A victim's violent acts may become relevant and admissible only under certain limited circumstances. "Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, although evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor is admissible." Evid.R. 404. In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct. Evid.R. 405(A). In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct. Evid.R. 405(B).

{¶21} Appellant argued evidence of Bair's past violent acts was relevant to her claim of self-defense, but prior to trial, appellee filed a motion in limine to exclude any such evidence. The trial court sustained appellee's motion on the basis of *State v. Barnes*, in which the Ohio Supreme Court ruled specific instances of a victim's conduct are not admissible to prove the victim was the initial aggressor. 94 Ohio St.3d 21, 23, 2002-Ohio-68, 759 N.E.2d 1240. Near the end of trial, outside the presence of the jury, appellant proffered the evidence she would have introduced if the motion in limine had not been sustained; defense counsel said Molly Miller would have testified

Bair "is a violent, angry man and that he has been violent toward [appellant.]" Appellant then listed a number of alleged specific acts of threats and domestic violence perpetrated against her by Bair. We note it is unclear from the record how appellant would have introduced these specific acts, whether through testimony of Miller or appellant herself. Either way, we find the proffered specific-act evidence is exactly the type prohibited by *Barnes*, supra, and the trial court did not err in excluding it.

{¶22} Appellant argues further she should have been permitted to introduce evidence of Bair's propensity for violence by means of reputation or opinion testimony. We note, though, appellant did in fact testify Bair had beaten her up in the past, that she was "scared to death" of him, and that she "had a lot of fear" based upon things he had done to her in the past. The trial court permitted appellant latitude in addressing Bair's alleged violent past despite the ruling on appellee's motion in limine.

{¶23} Appellant's assigned error, then, turns upon whether appellant should have been permitted to ask Molly Miller about Bair's reputation for violence or her opinion thereof. We find any error by the trial court in excluding this narrow piece of evidence was harmless. Bair's alleged violent nature did come into evidence via appellant's testimony. Moreover, appellant's argument at trial focused more upon the stabbing as an accident rather than self-defense, as will be discussed with regard to appellant's second assignment of error, infra. Harmless errors are to be disregarded and the erroneous admission or exclusion of evidence is not reversible unless it affects a substantial right that prejudices the defendant. See, Crim.R. 52(A); Evid.R. 103(A); *State v. Brown*, 65 Ohio St.3d 483, 485, 605 N.E.2d 46 (1992).

{¶24} The trial court did not abuse its discretion in granting appellee's motion in limine and appellant's first assignment of error is overruled.

II.

{¶25} In the second assignment of error, appellant argues her conviction upon one count of felonious assault is against the manifest weight and sufficiency of the evidence because the victim's wound was superficial. We disagree.

{¶26} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶27} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the

conviction must be overturned and a new trial ordered." *State v. Thompkins*, supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶28} Appellant was convicted of one count of felonious assault pursuant to R.C. 2903.11(A)(2), which states, "No person shall knowingly cause or attempt to cause physical harm to another by means of a deadly weapon." The evidence at trial established appellant stabbed Bair with a steak knife in his left upper chest, by her own admission. During the investigation appellant claimed the stabbing was in self-defense, although at trial she inferred it was the result of an accident. Upon appeal, she argues her conviction is against the manifest weight of the evidence and is not supported by sufficient evidence because appellee did not establish the element of "knowingly."

{¶29} Appellant's argument is based upon evidence that Bair's wound was superficial and she and Bair both testified the stabbing was not "intentional." A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist. R.C. 2901.22(B).

{¶30} We are required to review the evidence in a light most favorable to appellee, and in so doing we find ample evidence appellant admittedly stabbed Bair intentionally. The circumstances leading up to the stabbing indicate appellant argued with Bair and used the knife to puncture a tire on his vehicle to prevent him from

leaving.  When the argument continued and escalated to the point that Bair threatened to call police, appellant stabbed him.  These events are not consistent with appellant's initial assertion of self-defense.  To establish self-defense in the use of non-deadly force, the accused must show, initially, she was not at fault in creating the situation giving rise to the altercation.  *State v. Hoopingarner*, 5th Dist. No. 2010AP 07 00022, 2010-Ohio-6490, ¶ 31, citing *State v. Vance*, Ashland App. No. 2007-COA-035, 2008-Ohio-4763, ¶ 77 (citations omitted). If this element, e.g., is not proven by a preponderance of the evidence, the theory of self-defense does not apply.  *State v. Williford*, 49 Ohio St.3d 247, 249, 551 N.E.2d 1279 (1990).  Appellant initiated the violent altercation and confronted Bair, knife in hand.

{¶31} Appellant's belated claim of accident is also inconsistent with her reaction in the immediate aftermath of the incident: she refused to get help for Bair despite what appeared to be a significant wound.  Not only did she refuse to personally help him, but she encouraged Miller not to seek help and refused to allow her to use her cell phone.

{¶32} In conclusion, appellant's conviction is supported by sufficient evidence and is not against the manifest weight of the evidence, and appellant's second assignment of error is overruled.

{¶33} For the foregoing reasons, the Tuscarawas County Court of Common Pleas is affirmed.

By: Delaney, P.J.

Farmer, J. and

Wise, J. concur.


_____
HON. PATRICIA A. DELANEY


_____
HON. SHEILA G. FARMER


_____
HON. JOHN W. WISE


PAD:kgb

[Cite as *State v. Gagovski*, 2012-Ohio-6088.]

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| KRISTINA N. GAGOVSKI | : | |
| | : | |
| | : | Case No. 12AP020012 |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE