**Dennis PETERSON, Appellant–Plaintiff,**

v.

**Charles LAMBERT, John Doe, a/k/a K. Wright, and Miami Correctional Facility, Appellees–Defendants.**

No. 52A05–0707–CV–417.

Court of Appeals of Indiana.

May 8, 2008.

Dennis Peterson, Pendleton, IN, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Elizabeth Rogers, Deputy Attorney General, Indianapolis, IN, for Appellee.

## OPINION

ROBB, Judge.

■ When Dennis Peterson was transferred to Miami Correctional Facility ("MCF"), his personal property was inventoried and his baby powder was confiscated because that personal item is prohibited at MCF. Peterson filed a grievance that was denied. He then initiated this lawsuit against certain correctional officers and MCF, seeking redress for violation of his due process rights and negligence in the care of his property. The trial court screened the complaint pursuant to Indiana Code section 34–58–1–2 and determined that his claims should not proceed:

> Although the plaintiff has reiterated several times that the actions of the defendants were "willful and wanton" and "outside the scope of their employment," [h]is averments were not supported by any facts. The defendants were clearly acting within the scope of their employment by confiscating an item that has been prohibited by [MCF]. In the same vein, the plaintiff is unable to sustain an action in negligence against the defendants when they are following the directives of their employers.... The court concludes that the prohibition on baby powder is an administrative decision made by the Department of Corrections and does not rise to the level of a constitutional deprivation.... Based upon the foregoing, the court ... orders this cause dismissed.

Appellee's Supplemental Appendix at 13. Peterson now appeals the dismissal.

■ Indiana Code section 34–58–1–2 provides that

[a] court shall review a complaint or petition filed by an offender and shall determine if the claim may proceed. A claim may not proceed if the court determines that the claim: (1) is frivolous; ... (b) A claim is frivolous under subsection (a)(1) if the claim: ... (2) lacks an arguable basis either in: (A) law; or (B) fact.

In reviewing the dismissal of an offender's complaint pursuant to section 34–58–1–2, we employ a de novo standard of review. *Smith v. Huckins,* 850 N.E.2d 480, 484 (Ind.Ct.App.2006). Like the trial court, we look only to the well-pleaded facts contained in the complaint or petition. *Id.* Further, we determine whether the complaint or petition contains allegations concerning all of the material elements necessary to sustain a recovery under some viable legal theory. *Id.* We note that section 34–58–1–2 is akin to a legislative interpretation of Trial Rule 12(B)(6). In civil cases, judges have long had the authority to consider a case in its early stages and, taking everything the plaintiff has alleged as true, determine whether it can proceed. *See, e.g., Meyers v. Meyers,* 861 N.E.2d 704, 706 (Ind.2007) ("In ruling on such a motion to dismiss, 'a court is required to take as true all allegations upon the face of the complaint and may only dismiss if the plaintiff would not be entitled to recover under any set of facts admissible under the allegations of the complaint.'") (quoting *Huffman v. Office of Envtl. Adjudication,* 811 N.E.2d 806, 814 (Ind.2004)). Section 34–58–1–2 provides the same authority in civil cases involving prisoners acting pro se, but provides such authority without requiring a motion by the defendant to trigger the determination.

■ Peterson's claims rest on the allegation that in confiscating his baby powder and addressing or failing to address his grievances thereafter, the defendants were acting willfully and wantonly and clearly outside the scope of their employment. Baby powder is on the list of personal property that is prohibited at MCF. *See* Supp. App. at 15. Prison administrators are accorded "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish,* 441 U.S. 520, 547, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Peterson has alleged no facts that would support his contention that the defendants were acting willfully, wantonly, or outside the scope of their employment in confiscating a prohibited item, and he has not made a claim challenging MCF's policies prohibiting certain items.[1] Peterson's complaint lacks an arguable basis in law or fact and the trial court properly dismissed both of his claims.

Affirmed.

BAKER, C.J., and RILEY, J., concur.

---

1. Peterson's specific issues on appeal are that the trial court erroneously stated in its order that it did not have subject matter jurisdiction over his complaint and that the trial court did not specifically address each of his claims and determine that which, if any, could proceed. Subject matter jurisdiction is conferred upon a court by the Indiana Constitution or by statute. *State v. Sproles,* 672 N.E.2d 1353, 1356 (Ind.1996). Indiana Code chapter 34–58–1 confers subject matter jurisdiction to trial courts over offender litigation only if, after the required review, the court determines the complaint may proceed. Further, it is clear from the trial court's order as quoted above that the trial court considered both of Peterson's claims and determined that neither could proceed.