Oscar GUILLEN, Appellant–Plaintiff,

v.

R.D.C. MAIL CLERK, et al.,
Appellees–Defendants.

No. 32A01–0903–CV–119.

Court of Appeals of Indiana.

March 5, 2010.

Oscar Guillen, Carlisle, IN, Appellant pro se.

Gregory F. Zoeller, Attorney General of Indiana, Frances Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellees.

**OPINION**

SHARPNACK, Senior Judge.

*STATEMENT OF THE CASE*

Plaintiff–Appellant Oscar Guillen appeals the trial court's dismissal of his complaint against the Reception–Diagnostic Center (R.D.C.) mail clerk, the R.D.C. warden, and the Commissioner of the Department of Correction (collectively, "prison officials"). We reverse and remand for further proceedings.

*ISSUE*

Guillen raises four issues for our review, which we consolidate and state as: Whether the trial court abused its discretion in

dismissing Guillen's complaint for failure to state a claim.

## FACTS AND PROCEDURAL HISTORY

In 2004, Guillen filed a small claims action in the Lake Superior Court, alleging that the defendant in the case had bounced several checks made out to Guillen and that the defendant was the subject of criminal proceedings. Guillen, who was in prison at the time, had trouble finding the defendant's address, and thus had trouble pursuing the action.

On October 17, 2007, the trial court set the cause for hearing on dismissal pursuant to Indiana Trial Rule 41E. A letter informing Guillen of the upcoming hearing was sent to Guillen at R.D.C.; however, the letter was "returned to sender." (Lake County Courts CCS–Exhibit B to Complaint; Appellant's App. at 8). On December 19, 2008, the trial court dismissed the action and sent notice to Guillen at R.D.C. On January 31, 2008, this notice was returned to sender with the note that "all offender mail must have name and DOC number to be processed correctly and efficiently." *Id.* On May 9, 2008, Guillen, who had no notice of the dismissal, subsequently filed with the Lake Superior Court a "Motion for to Summons Defendant." *Id.* On May 20, 2008, the Lake Superior Court advised Guillen by mail that his action had been dismissed with prejudice on December 19, 2007. *Id.* The R.D.C. apparently delivered this mailing to Guillen because he responded with a motion to vacate judgment and a motion for clarification.

On January 13, 2009, Guillen filed a "notice of claim" (complaint) in Hendricks Superior Court alleging that the named prison officials, by failing to deliver his mail, denied him access to courts as guaranteed by Article 1, § 12 of the Indiana Constitution.[1] On the same day, the trial court dismissed the case "as it does not state any claim." Guillen now appeals.

## DISCUSSION AND DECISION

Guillen contends that the trial court erred in dismissing his case. He argues that the prison officials negligently or deliberately violated both the Indiana Constitution and prison mail rules, thus depriving him of his chance to pursue his Lake County claim.

Initially, we note that the trial court's same-day review and dismissal of Guillen's notice of claim was made pursuant to Ind. Code § 34–58–1–2, a statute providing for screening of offender litigation. The statute specifically provides that "a court shall review a complaint or petition filed by an offender and shall determine if the claim may proceed. A claim may not proceed if the court determines that the claim ... is not a claim upon which relief may be granted." Ind.Code § 34–58–1–2(a)(2).

In reviewing the dismissal of an offender's complaint pursuant to the aforementioned statute, we employ a de novo standard of review. *Peterson v. Lambert,* 885 N.E.2d 719, 720 (Ind.Ct.App.2008). Like the trial court, we look only to the well-pleaded facts contained in the complaint, petition, or notice of claim. *Id.* The statute is akin to a legislative interpretation of Indiana Trial Rule 12(B)(6), a rule which has given judges in civil cases the authority "to consider a case in its early stages and, taking everything the plaintiff has alleged as true, determine whether it

---

1. Article 1, § 12 provides: "All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay."

can proceed." *Id.* In ruling on a motion to dismiss, "a court is required to take as true all allegations upon the face of the complaint and may only dismiss if the plaintiff would not be entitled to recover under any set of facts admissible under the allegations of the complaint." *Id.* (quoting *Meyers v. Meyers,* 861 N.E.2d 704, 706 (Ind.2007)). Ind.Code 34–58–1–2(a)(2) provides the same authority in civil cases involving offenders acting pro se, but provides such authority without requiring a motion by the defendant to trigger the determination. *Id.*

■ The prison officials in this case have promulgated a rule regarding the "disposition of incoming correspondence." (Exhibit E to Guillen's complaint; Appellant's App. at 11). The rule states, "If the offender's name, identification number or housing unit is not included in the address on incoming correspondence, the facility shall make a reasonable attempt to deliver the correspondence in as timely manner as possible." *Id.* We find it difficult to believe the Lake County court failed to place Guillen's name upon the correspondence sent to him at the R.D.C. We hold that Guillen's complaint set forth a set of facts which may allow him to recover damages from the named defendants because they negligently or deliberately refused to follow R.D.C. rules and interfered with Guillen's constitutional right to pursue his Lake County claim. The complaint is sufficient to require the prison officials to respond thereto.

Upon our order, the State Attorney General has filed a brief in this appeal. The State first argues that the appeal should be dismissed because Guillen failed to make a cogent argument. Our review of the notice of complaint disclosed a somewhat unfocused, but cogent, argument that necessitated our order that the State respond. The State further argues

that Guillen is trying to litigate the Lake County case in the action filed in Hendricks County. As our statement of facts reveals, this is not so.

Finally, the State cites *Lewis v. Casey,* 518 U.S. 343, 353, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) for the proposition that the State need not enable the prisoner to litigate effectively once in court. The State reads too much into Lewis, which holds that a court interferes with a State's political branches when it attempts to micro-manage prison procedures. *Id.* at 350. Lewis also holds that courts may protect a prisoner from the prison's active interference with a lawsuit. *Id.*

## CONCLUSION

We conclude that the trial court erred in dismissing Guillen's complaint for failure to state a claim. Thus, we reverse and remand with instructions that the prison officials be required to answer.

Reversed and remanded.

MAY, J., and CRONE, J., concur.