[Cite as *State v. Congrove*, 2012-Ohio-1159.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney , P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | Case No. 11-CA-5 |
| SHERRI CONGROVE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Morrow County Court of
                             Common Pleas, Case No. 2010CR0137


JUDGMENT:                    AFFIRMED IN PART; REVERSED AND
                             REMANDED IN PART


DATE OF JUDGMENT ENTRY:      March 8, 2012


APPEARANCES:

For Appellant:                          For Appellee:

DAVID H. BIRCH                          CHARLES HOWLAND
2 West Winter                           MORROW COUNTY PROSECUTOR
Delaware, OH 43015
                                        JOCELYN STEFANCIN
                                        60 East High Street
                                        Mt. Gilead, OH 43338

*Delaney, J.*

{¶1} Defendant-Appellant Sherri Congrove appeals from the March 23, 2011 judgment entry of the Morrow County Court of Common Pleas sentencing her upon her conviction of one count of complicity to burglary and one count of theft.

### Facts and Procedural History

{¶2} This case arose on November 23, 2009, when a group home for developmentally disabled persons located at 324 Pine Drive, Mount Gilead, was burglarized. Items stolen included a television, a Nintendo Wii gaming system and several games, a tote bag, and a Dewalt miter saw; the total value of these items was approximately $1,200.

{¶3} Investigators ultimately determined that Travis Bunnell and Michael Champ broke into the Pine Drive group home and stole the items. This burglary was one of a string of break-ins throughout Mt. Gilead in November 2009.

{¶4} At the time of this burglary, Bunnell and his girlfriend Jessica Spriggs lived with Appellant. Both Spriggs and Bunnell admitted to using heroin and to taking part in multiple burglaries for money to support their habits. Appellant, Spriggs, and Bunnell were all friends of Michael Champ.

{¶5} The burglary investigation indicated that Appellant picked up Bunnell and Champ after the group home burglary and gave them a ride back to her house. Appellant was charged by indictment with one count of complicity to burglary, R.C. 2911.12(A)(3), a felony of the third degree and one count of theft, R.C. 2913.02, a felony of the fifth degree.

{¶6}   At trial, the State's witnesses consisted of Spriggs and Bunnell; Capt. Kenneth Underwood, the officer who took the initial report on the Pine Drive burglary; Ptl. Mark Meftah, who took the initial report on a burglary on North Cherry Street, Mt. Gilead; Sgt. Thomas Cronnewitt, who took a report on two additional burglaries in Mt. Gilead (Baker Street and East Cedar), and Terri Smith, the group home administrator who provided the value of items stolen from the residence.

{¶7}   Meftah testified over objection from the defense about an unrelated burglary on November 23, subsequent to the burglary Appellant was charged with.  He noted that the burglary at the Kenneth Williams residence at 222 North Cherry Street included, among other items, loose change.  This loose change became key evidence in tying Appellant to knowledge of the burglary scheme.

{¶8}   Sgt. Thomas Cronnewitt testified about two burglary reports he took, including one at 201 East Cedar Street in which two of the items stolen included firearms: a silver Cobra Derringer 9-millimeter and an H & R 32-caliber revolver. These items also eventually connected to Appellant's taped statement in which she admitted knowledge of the burglaries and knew that Bunnell had stolen a firearm.

{¶9}   The State's final evidence consisted of the audiotape of Appellant's interview with Officer Foley, who solved the string of burglaries.  Foley did not testify at trial.  The defense objected to admission of the audiotape because Appellant made several references to her own criminal history.  The trial court overruled the objection, offered to give a limiting instruction, and the tape was played.

{¶10} In the recorded statement to investigators, Appellant was Mirandized. She denied involvement in any of the burglaries, including the Pine Drive group home,

but she did admit to giving Bunnell a ride.  (T. 4.)  Appellant also revealed knowledge of the burglaries in general.  She stated that Spriggs would text message Bunnell that a house was a potential location for a break-in, and then Spriggs would wait outside and text Bunnell while he was inside the house if police were nearby.  Appellant admitted to taking a bag of loose change to a bank to cash in for Spriggs and Bunnell. Appellant knew that Bunnell was attempting to sell a firearm, and that Spriggs made arrangements to sell a television to someone.  Appellant also stated that she saw Spriggs with a Wii console with cords coming out of it.

{¶11} In denying her involvement, Appellant raised the topic of her own criminal history, stating that she has been to the penitentiary three times and "can't do any more time."

{¶12} The trial court instructed the jury to disregard any references to Appellant's prior criminal record in the audiotape.

{¶13} Appellant did not testify at trial.

{¶14} The jury found Appellant guilty as charged.  At sentencing, the trial court mentioned that the two offenses were crimes of similar import, but sentenced Appellant on both.  She received a sentence of four years on count one to be served concurrently with eleven months on count two, with the prison term suspended on the condition that appellant completes a community control sanction.

{¶15} Appellant appeals from the judgment entry of conviction and sentence.

{¶16} Appellant raises two Assignments of Error:

{¶17} "I. THE TRIAL COURT ERRED BY FINDING THAT COUNT ONE, BURGLARY, AND COUNT TWO, THEFT, DO NOT MERGE FOR PURPOSES OF SENTENCING."

{¶18} "II. THE TRIAL COURT ERRED BY ALLOWING THE PROSECUTION, OVER OBJECTION, TO ATTACK THE APPELLANT'S CHARACTER ALLEGING PRIOR CRIMINAL CONVICTIONS AND IMPRISONMENT IN THE STATES [SIC] CASE IN CHIEF."

I.

{¶19} In her first assignment of error, Appellant argues that Count I, complicity to burglary, should have merged with Count II, theft, for purposes of sentencing. We agree.

{¶20} We begin our analysis with the statute addressing allied offenses of similar import and the impact on sentencing. R.C. 2941.25 states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶21} The Ohio Supreme Court held in *State v. Whitfield* that upon guilty verdicts on allied offenses, the State must elect which of the offenses it chooses to proceed to sentencing on; the court must accept the State's choice and merge the crimes into a single offense for the purpose of sentencing. 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 122, ¶24.

{¶22} In this case, Appellant was charged by indictment with one count of complicity[1] to burglary pursuant to R.C. 2911.12(A)(3), which states: "No person, by force, stealth, or deception, shall * * * [t]respass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense."

{¶23} Appellant was also charged with one count of theft pursuant to R.C. 2913.02:

No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

(1) Without the consent of the owner or person authorized to give consent;

(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;

(3) By deception;

(4) By threat;

(5) By intimidation.

{¶24} In *State v. Johnson*, the Ohio Supreme Court modified the test for determining whether two offenses are allied offenses of similar import. 128 Ohio St.3d 1405, 2010-Ohio-6314, 942 N.E.2d 1061. The question is whether the crimes represent a single act and a single state of mind:

If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import. If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." (Citation omitted.) If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged. Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge. *Id.,* 163.

{¶25} *Johnson* clarifies Ohio's allied-offense jurisprudence because it instructs us not to compare the statutory elements of two offenses in the abstract but rather to consider, subjectively, the specific conduct of the accused. *See, Johnson,* 128 Ohio St.3d at 162. The Ohio Supreme Court has recognized that application of *Johnson* "may be sometimes difficult to perform and may result in varying results for the same

---

[1] " A charge of complicity may be stated in terms of this section, or in terms of the

set of offenses in different cases," but such a result is permissible because the analysis is premised upon the subjective conduct of the defendant. *Id.*, 163.

{¶26} We find that Appellant's act of picking up and driving the principal offenders after the burglary constitutes a single act with a single state of mind. We note that there was not a request for a bill of particulars setting up the specific nature of Appellant's conduct pursuant to Crim.R. 7(E), but the indictment establishes that Appellant was charged solely in connection with the Pine Drive group home burglary. The evidence showed that in the aftermath of this burglary, she picked up Bunnell and Champ and gave them a ride back to her house.

{¶27} Applying *Johnson* to the facts of this case, we find that it was possible to commit complicity to burglary and theft with the same conduct for purposes of R.C. 2941.25. We further find that this act was accomplished with a single state of mind.

{¶28} During sentencing, the trial court noted that the offenses of complicity to burglary and theft "are crimes of similar import," but this was not reflected in the resulting sentence or evident from the trial court's sentencing judgment entry. Appellant was sentenced to concurrent (suspended) terms of 4 years on the complicity and 11 months on the theft count. A trial court speaks through its journal entries. *State v. Lehman*, 5th Dist. No. 01CA12, 2001 WL 1673729 (Dec. 12, 2001), *3, citing *State v. King*, 70 Ohio St.3d 158, 162, 1994-Ohio-412, 637 N.E.2d 903 (1994).

{¶29} Accordingly, we find the conduct that qualified as the complicity to burglary also qualified as the theft, therefore the offenses are allied, and Appellant's first assignment of error is sustained.

---

principal offense." R.C. 2923.03(F).

II.

{¶30} In her second assignment of error, appellant argues that the trial court erred in admitting the audiotape of her statement to investigators, in which she admitted to having a prior criminal history and "three prison numbers." We disagree.

{¶31} The decision to admit or exclude relevant evidence is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *See, State v. Combs*, 62 Ohio St.3d 278, 581 N.E.2d 1071(1991); *State v. Sage*, 31 Ohio St.3d 173, 510 N.E.2d 343 (1987). An abuse of discretion implies more than an error of law or judgment; instead, the term suggests that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. *See, State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992); *State v. Montgomery*, 61 Ohio St.3d 410, 575 N.E.2d 167 (1991). In addition, when applying the abuse-of-discretion standard, a reviewing court may not substitute its judgment for that of the trial court. *In re Jane Doe I*, 57 Ohio St.3d 135, 138, 566 N.E.2d 1181 (1991).

{¶32} Appellant argues that the admission of the portions of the taped interview in which she comments upon her own criminal history violates Evid.R. 404(B), which states: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

{¶33} In her taped statement, Appellant admitted to giving Bunnell a ride, admitted knowledge of the burglaries and the system by which they were carried out,

and tangentially mentioned her own criminal history.  Appellant objected to admission of the statement only on the basis of the criminal history.  We find that admission of the references by Appellant to her own criminal history, in the context of the entire interview and of the entire trial, is not reversible error.  Harmless errors are to be disregarded and the erroneous admission of evidence is not reversible unless it affects a substantial right that prejudices the defendant.  *See*, Crim.R. 52(A); Evid.R. 103(A); *State v. Brown*, 65 Ohio St.3d 483, 485, 605 N.E.2d 46 (1992).

{¶34} Furthermore, the trial court instructed the jury to disregard any reference to appellant's prior criminal record in the audiotape.  It must be presumed that the jury followed this instruction.  *State v. Ahmed*, 103 Ohio St.3d 27, 42, 813 N.E.2d 637 (2004).

{¶35} Upon review of the record we find any error would be harmless beyond a reasonable doubt.  There is substantial evidence upon which the jury based its verdict, including her admissions.  Appellant's reference to her own criminal history did not prejudice her beyond a reasonable doubt.

{¶36} The judgment of the Morrow County Court of Common Pleas is affirmed in part, reversed in part, and the case is remanded for further proceedings in accordance with this opinion.

By: Delaney, P.J.

Farmer, J. and

Edwards, J. concur.


_____
HON. PATRICIA A. DELANEY


_____
HON. SHEILA G. FARMER


_____
HON. JULIE A. EDWARDS

[Cite as *State v. Congrove*, 2012-Ohio-1159.]

IN THE COURT OF APPEALS FOR MORROW COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| | : | |
| SHERRI CONGROVE | : | |
| | : | Case No. 11-CA-5 |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Morrow County Court of Common Pleas is affirmed in part, reversed in part, and remanded to the trial court for further proceedings in accord with this opinion. Costs to be split equally between the parties.


_____
HON. PATRICIA A. DELANEY


_____
HON. SHEILA G. FARMER


_____
HON. JULIE A. EDWARDS