

FILED

May 18 2018, 9:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Anthony W. Reed
Greencastle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Abigail R. Recker
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony Wayne Reed,<br><br>*Appellant-Plaintiff,*<br><br>v.<br><br>Leann White and Darrin Chaney,<br><br>*Appellees-Defendants.* | May 18, 2018<br><br>Court of Appeals Case No.<br>67A01-1708-MI-1768<br><br>Appeal from the Putnam Superior Court<br><br>The Honorable Charles D. Bridges, Judge<br><br>Trial Court Cause No.<br>67D01-1706-MI-30 |

**Najam, Judge.**

## Statement of the Case

Anthony Wayne Reed appeals the trial court's order dismissing his complaint against Leann White and Darrin Chaney.  Reed presents a single issue for our review, namely, whether the trial court erred when it dismissed his complaint

for a failure to state a claim upon which relief can be granted. We reverse and remand for further proceedings.

## Facts and Procedural History

On December 11, 2015, Reed, who was then incarcerated at the Putnamville Correctional Facility ("PCF"), mailed four handmade crosses[1] to family members. However, on December 30, two envelopes containing three of the crosses were returned to PCF for insufficient postage. Reed was notified of the problem, but the crosses were not returned to him, and he was not able to resend them to his family members. Reed later learned that White, who worked in the PCF mail room, had confiscated the crosses. White, in turn, gave the crosses to Chaney, an internal affairs officer for the PCF Security Threat Group ("STG").

After Reed filed an informal grievance with PCF on January 20, 2016, he was informed that "STG policy 02-03-105 prohibits the possession, making or display of any handmade jewelry (rings, necklaces and bracelets) by [the] offender population as these items can be used to show STG [sic] affiliation by utilizing color and symbols." Appellant's App. at 13. Reed responded by stating that the colors used in making the crosses were "not in any way connected with any (known) Gang-memberships." *Id.* at 15. Reed then filed

---

[1] The crosses had been constructed with paper and glue.

with the Indiana Department of Correction ("IDOC") a Grievance Appeal, which was denied.

[4] On June 13, Reed filed a tort claim notice with IDOC, and on October 26, Reed filed a complaint against White and Chaney with the trial court.[2] In his complaint, Reed alleged that the reason given for White's confiscation of the crosses was invalid, White did not follow IDOC policies governing the seizure of items in the mail, and White and Chaney committed "criminal conversion" when they took the crosses. *Id.* at 20. The trial court dismissed Reed's complaint, stating that he had failed to state a claim upon which relief can be granted, "as the Defendants were following IDOC policies and procedures." Appellant's Br. at 12. This appeal ensued.

## Discussion and Decision

[5] Indiana Code Section 34-58-1-2 provides that a trial court shall screen complaints filed by an offender to "determine if the claim may proceed." A claim may not proceed if the court determines that the claim is not a claim upon which relief may be granted. *Id.* We review *de novo* a trial court's dismissal of an offender's complaint under this statute. *Guillen v. R.D.C. Mail Clerk*, 922 N.E.2d 121, 122 (Ind. Ct. App. 2010). Like the trial court, we look

---

[2] In May 2017, the trial court dismissed Reed's complaint for failure to state a claim upon which relief may be granted, and Reed appealed. By order dated July 5, we dismissed that appeal, but remanded to the trial court with instructions to docket the complaint, which the court had not done, and to otherwise comply with Indiana Code Section 34-58-1-3 in the event the court dismissed the complaint. On remand, the trial court complied with our instructions, dismissed the complaint by order dated July 21, and this appeal ensued.

only to the well-pleaded facts contained in the complaint. *Id.* The statute is akin to a legislative interpretation of Indiana Trial Rule 12(B)(6),[3] a rule which has given judges in civil cases the authority "to consider a case in its early stages and, taking everything the plaintiff has alleged as true, determine whether it can proceed." *Id.* at 122-23 (quoting *Peterson v. Lambert*, 885 N.E.2d 719, 720 (Ind. Ct. App. 2008)).

[6] Indiana Code Chapter 34-13-3 governs tort claims against governmental entities and employees. As relevant here, Indiana Code Section 34-13-3-5(c) provides as follows:

> A lawsuit filed against an employee personally must allege that an act or omission of the employee that causes a loss is:
>
> > (1) criminal;
> >
> > (2) clearly outside the scope of the employee's employment;
> >
> > (3) malicious;
> >
> > (4) willful and wanton; or
> >
> > (5) calculated to benefit the employee personally.
>
> The complaint must contain a reasonable factual basis supporting the allegations. . . .

---

[3] We note that Trial Rule 12(B)(6) refers to claims upon which relief *can* be granted, but the statute refers to claims upon which relief *may* be granted. For ease of discussion, we use "can" and "may" interchangeably.

[7]     Here, in his thirty-two-paragraph complaint, Reed alleged that White and Chaney had no valid reason to confiscate the paper crosses, that they did not follow IDOC policies regarding confiscation of personal property, and that their conduct constituted criminal conversion. In particular, Reed stated that, "for both defendants to [have] seized [Reed's] property items (his three Crosses) without following any of the set, [sic] IDOC policies (and/or Indiana I.C. Codes) set in place to protect against such seizure, amount[s] to the charge of: 'Criminal Conversion.'" Appellant's App. at 13. On its face, Reed's complaint satisfies Indiana Code Section 34-13-3-5(c).

[8]     However, in its appellee's brief, the State, on behalf of White and Chaney, maintains that the trial court properly dismissed Reed's complaint because he "failed to provide a 'reasonable factual basis' to support his allegations." Appellee's Br. at 12. In particular, the State contends that, "as a matter of law, governmental employees may not be named for conduct that occurred within the scope of their employment." *Id.* at 10. And, the State avers that,

> [t]aking Reed's facts as true, it appears that White and Chaney were following IDOC policies and procedures when they confiscated the paper crosses. According to the grievance response, the crosses were confiscated in violation of STG policy. . . . White and Chaney confiscated the property in furtherance of their job duties to protect the security of the facility. Their alleged failure to provide Reed with a notice of confiscation form does not amount to criminal conversion or "illegal seizure." Because Reed failed to support this claim with sufficient facts, he cannot now sue them individually.

*Id.* at 13.

[9]     We cannot agree with the State for two reasons. First, the State is correct that a government employee is immune from liability if the alleged conduct occurred within the scope of his employment. But the assertion of immunity is an affirmative defense, and dismissal for failure to state a claim upon which relief can be granted is "rarely appropriate when the asserted ground for dismissal is an affirmative defense." *Bellwether Prop., LLC v. Duke Energy Ind., Inc.*, 87 N.E.3d 462, 464 (Ind. 2017). Here, if Reed had alleged in his complaint that White and Chaney were acting within the scope of their employment, dismissal under Indiana Code Section 34-58-1-2(a)(2) would have been appropriate. *See Bushong v. Williamson*, 790 N.E.2d 467, 472 n.4 (Ind. 2003). But Reed makes no such allegation. Accordingly, looking only at the face of Reed's complaint, there is no basis to dismiss the complaint because of White's and Chaney's possible immunity defenses.

[10]    Second, taking the facts stated in Reed's complaint as true, as we must, there was no basis in any IDOC policy for White and Chaney to have confiscated the crosses. To the contrary, Reed alleges that the crosses did not violate the STG policy, and he maintains that White and Chaney's reliance on that stated policy was merely a "pretense" to obscure their alleged theft of Reed's personal property. Appellant's App. at 12. Reed's allegations may prove incorrect at a fact-finding hearing, but they state a claim.

In sum, taking as true all allegations upon the face of Reed's complaint, we hold that the trial court erred when it dismissed the complaint for failure to state a claim upon which relief can be granted. The complaint is sufficient under Indiana Code Section 34-13-3-5(c) to require White and Chaney to respond thereto. *See Guillen*, 922 N.E.2d at 123 (reversing dismissal of offender's complaint alleging prison officials negligently or deliberately violated both the Indiana Constitution and prison mail rules).

Reversed and remanded for further proceedings.

Robb, J., and Altice, J., concur.