## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 29 2018, 8:17 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
| --- | --- |
| Dominic A. Lowe<br>Greencastle, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Abigail R. Recker<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Dominic A. Lowe,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Brian Smith, the Warden of the Putnamville Correctional Facility, et al.,<br>*Appellees-Defendants.* | June 29, 2018<br><br>Court of Appeals Case No.<br>67A01-1709-MI-2129<br><br>Appeal from the Putnam Superior Court<br><br>The Honorable Charles D. Bridges, Judge<br><br>Trial Court Cause No.<br>67D01-1701-MI-37 |

**Robb, Judge.**

# Case Summary and Issue

[1] Dominic Lowe appeals pro se from the trial court's dismissal of his complaint alleging violations of the United States Constitution, the Indiana Constitution, and the Religious Land Use and Institutionalized Persons Act. Lowe raises one issue for our review which we restate as whether the trial court erred in dismissing his complaint. Concluding the trial court erred in dismissing Lowe's complaint, we reverse the trial court's order and remand for further proceedings.

# Facts and Procedural History

[2] Lowe, an inmate housed at the Putnamville Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983 alleging four officials at the correctional facility violated his right to freely exercise his Muslim faith. According to his complaint, a new policy at the correctional facility no longer permits Lowe and other Muslim inmates to hold congregational prayer in a certain room as they are accustomed to; rather, the new policy only permits them to pray while seated at tables. Appellant's Appendix, Volume 2 at 9.

[3] In December of 2016, Lowe filed a formal grievance with the correctional facility. Both Lowe's grievance and appeal were denied. In May of 2017, Lowe filed a complaint naming Brian Smith, the Warden of Putnamville Correctional Facility; Alisha Lawrence, an administrator at Putnamville Correctional Facility; Chris Williams, a grievance specialist at Putnamville

Correctional Facility; and David Liebel, the Indiana Department of Correction Director of Religious and Volunteer Services, as defendants. Lowe's complaint alleges the correctional facility's policy violates the Free Exercise Clause and Equal Protection Clause of both the United States and Indiana Constitutions, as well as the Religious Land Use and Institutionalized Persons Act. In his prayer for relief, Lowe sought "injunctive relief in the form of amendments to the policies barring the free exercise of Muslim congregational prayer" and $3,000.01 in monetary damages. Appellant's App., Vol. 2 at 4.

[4] On August 11, 2017, the trial court issued an order dismissing Lowe's complaint for "fail[ing] to state a claim upon which relief may [sic] be granted, pursuant to Indiana Trial Rule 12(b)(6) [sic], as the Defendant's [sic] were following IDOC policies and procedures." *Id.* at 13. Lowe now appeals.

# Discussion and Decision

[5] Lowe contends the trial court erred in dismissing his case for failing to state a claim upon which relief can be granted. The State concedes the trial court's dismissal of the complaint was in error and concludes the correct resolution of Lowe's appeal is to remand the case to the trial court for further proceedings. We agree with both Lowe and the State that the trial court erred in dismissing the complaint.

[6] Indiana Code section 34-58-1-2(a) states, in relevant part, a trial court shall review a complaint filed by a prisoner to determine if the complaint may

proceed. A prisoner complaint may not proceed if the trial court determines the claim: (1) is frivolous, (2) is not a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. Ind. Code § 34-58-1-2(a). In this case, the trial court "[found Lowe] failed to state a claim upon which relief may [sic] be granted, pursuant to Indiana Trial Rule 12(b)(6) [sic], as the Defendant's [sic] were following IDOC policies and procedures. Accordingly, there were no violations of [Lowe's] rights under the First and Fourteenth Amendments . . . ." Appellant's App., Vol. 2 at 13.

[7] We review the dismissal of an offender's complaint pursuant to Indiana Code section 34-58-1-2[1] de novo. *Smith v. Sgt. Thompson, DHB*, 910 N.E.2d 260, 262 (Ind. Ct. App. 2009). The language of Indiana Code section 34-58-1-2(a)(2), like Indiana Rule of Trial Procedure 12(B)(6), requires the trial court, and this court on appeal, to determine whether a claim is legally sufficient. *Peterson v. Lambert*, 885 N.E.2d 719, 721 (Ind. Ct. App. 2008). In making this determination, we take the allegations on the face of the complaint as true and dismiss only if the plaintiff would not be entitled to recover under any set of facts admissible under those allegations. *Id.*

[8] Lowe's complaint alleges the correctional facility's policy forbidding Muslim inmates from congregating for prayer together in a certain room within the

---

[1]Although the trial court cited Indiana Rule of Trial Procedure 12(B)(6) as the basis for the dismissal, the trial court's summary dismissal suggests the trial court screened the complaint as it is required to do pursuant to Indiana Code chapter 34-58-1. Regardless, we review both under a de novo standard of review. *Medley v. Lemmon*, 994 N.E.2d 1177, 1182 (Ind. Ct. App. 2013), *trans. denied*.

prison violates the Free Exercise Clause and Equal Protection Clause of the United States Constitution and the Indiana Constitution, as well as section 2000cc-1(a) of the Religious Land Use and Institutionalized Persons Act. *See* 42 U.S.C. § 2000cc-1. Lowe has brought his complaint pursuant to 42 U.S.C. § 1983, which states, in relevant part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

[9] It is well-settled that prison walls do not form a barrier separating prisoners from the protections of the Constitution, *Turner v. Safley*, 482 U.S. 78, 84 (1987), but prisoners' rights may be restricted by virtue of their status as an inmate and based on the needs of the penal institution, *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 125 (1977). Lowe has alleged in his complaint that the correctional facility's policy restricting the place and manner in which Muslim inmates may pray violates his constitutional right to the free exercise of his religion. This is sufficient at the pleading stage to state a claim for relief or to suggest his religious exercise was substantially burdened for the purpose of the Religious Land Use and Institutionalized Persons Act. *See Graves v. Kovacs*, 990 N.E.2d 972, 976 (Ind. Ct. App. 2013) (noting a complaint

need not state all the elements of a cause of action and is sufficient if it puts a reasonable person on notice as to why a plaintiff sues).[2]

# Conclusion

The trial court erred in dismissing Lowe's complaint. Accordingly, we reverse the trial court's order and remand for further proceedings.

Reversed and remanded.

Najam, J., and Altice, J., concur.

---

[2] Lowe's prayer for relief requested both an injunction and monetary damages. Lowe's lawsuit seeks relief from the correctional facility officials in their "official capacity," Appellant's App., Vol. 2 at 2-3, therefore, he is not entitled to monetary damages. *City of Warsaw v. Orban*, 884 N.E.2d 262, 267-68 (Ind. Ct. App. 2007) (noting a state official may not be sued in his or her official capacity for retrospective relief under 42 U.S.C. § 1983), *trans. denied*. Lowe may, however, seek prospective relief in the form of an injunction. *Id.*